### IN THE UNITED STATES DISTRICT COURT FOR THE
### NORTHERN DISTRICT OF FLORIDA
### TALLAHASSEE DIVISION


**CARLOS VALENCIA MARIN,**

      **Petitioner,**

**vs.**                                                    **Case No. 4:13cv65-MW/CAS**

**STATE OF FLORIDA,**

      **Respondent.**

_____/


### <u>REPORT AND RECOMMENDATION</u>

In a separate Order entered this day, Petitioner has been granted in forma pauperis status.  When Petitioner initiated this case, a preliminary review of the petition, doc. 1, was made because several deficiencies were obvious on the face of the petition.  Doc. 4.  First, it appeared that Petitioner initiated this case in the wrong district as Petitioner's address was at the Krome Detention Center in Miami.  Doc. 1 at 1.  Second, it was unclear whether Petitioner intended to proceed with this case as a § 2241 petition challenging a period of indefinite detention prior to removal or whether he intended the case to proceed as a § 2254 petition because he listed the Respondent as the State of Florida instead of immigration officials.  Doc. 1 at 1.  Review of the

petition itself did not provide clarity because Petitioner stated at the beginning of the petition that this case concerned an immigration issue which he described as "notification about deportation," *id.* at 2, but Petitioner never stated that a final order of removal had been entered.  Furthermore, Petitioner did not request relief related to an order of removal, *id.* at 6, but instead, it appeared that Petitioner was challenging an underlying state conviction on the basis that his plea was involuntary.  *Id.*

In response to the Order advising Petitioner of the deficiencies and clarification needed, doc. 4, Petitioner filed an amended petition, doc. 5, which he likely submitted prior to receiving the Order, doc. 4.  Review of the amended petition, doc. 5, will not be made as Petitioner thereafter submitted a second amended petition on March 15, 2013.  Doc. 7.  He simultaneously submitted a motion for post-conviction relief pursuant to Florida Rule of Crim. P. 3.850.  Doc. 8.

The motion for post-conviction relief challenges his conviction in state court.  Doc. 8.  As Petitioner was previously advised, doc. 4, such a motion is more properly filed as a habeas petition under § 2254, after exhausting state court remedies.  Moreover, Petitioner's second amended petition, doc. 7, fails to provide any clarification as to whether Petitioner has already been given a final order of removal and, thus, may be challenging his detention.

These issues need not be resolved at this time, however, because under either scenario, this case has been filed in the wrong district.  The proper respondent in a habeas case is the petitioner's "immediate custodian," that is, the warden of the facility in which the petitioner is incarcerated or detained at the time he files the habeas

petition.[1]  <u>Rumsfeld v. Padilla</u>,[2] 542 U.S. 426, 439, 124 S.Ct. 2711, 159 L.Ed.2d 513

(2004); *see also* <u>Braden v. 30th Judicial Circuit Court of Ky.</u>, 410 U.S. 484, 494-495, 93

S.Ct. 1123, 35 L.Ed.2d 443 (1973).  Although Petitioner has not properly named the

Respondent (Petitioner named the State of Florida as Respondent) in this petition, it is

clear that Petitioner is not confined within the Northern District of Florida.  Jurisdiction

attaches upon the initial filing of the § 2241 petition, and will not be destroyed by

Petitioner's subsequent Government-effectuated transfer and accompanying change in

physical custodian.  *See e.g.,* <u>Mujahid v. Daniels</u>, 413 F.3d 991, 994 (9th Cir. 2005),

*quoting* in <u>Francis v. Rison</u>, 894 F.2d 353, 354 (9th Cir. 1990).  Petitioner is detained at

the Krome Service Processing Center in Miami, Florida, and was housed there at the

time of case initiation.  Thus, whether as a § 2241 petition or a § 2254, the case should

have been filed "in the district court for the district wherein such person is in custody or

in the district court for the district within which the State court was held which convicted

---

[1] <u>Padilla</u> rejected the view that in "cases involving prisoners detained for 'other than
federal criminal violations,' " a proper respondent may be "the person exercising the
'legal reality of control' over the petitioner . . . ."  542 U.S. at 437, 124 S.Ct. at 2719.

[2] <u>Padilla</u> does not alter the well-settled rule that if a district court properly acquires
jurisdiction when the case was filed, then the petitioner's subsequent removal to
another judicial district does not destroy the court's jurisdiction.  542 U.S. at 440, 124
S.Ct. at 2721, *relying on* <u>Ex parte Endo</u>, 323 U.S. 283, 306, 65 S.Ct. 208, 89 L.Ed. 243
(1944) (holding that despite the Japanese-American citizen's removal from the district
court's territorial jurisdiction, a respondent who resided in the district could appropriately
execute the writ).  Indeed, the Supreme Court reiterated the simple and consistently
applied rule that "[w]henever a § 2241 habeas petitioner seeks to challenge his present
physical custody within the United States, he should name his warden as respondent
and file the petition in the district of confinement."  <u>Padilla</u>, 542 U.S. at 447, 124 S.Ct. at
2724.  Thus, "when the Government moves a habeas petitioner after [he] properly files
a petition naming [his] immediate custodian, the District Court retains jurisdiction and
may direct the writ to any respondent within its jurisdiction who has legal authority to
effectuate the prisoner's release."  <u>Padilla</u>, 542 U.S. at 440-41, 124 S.Ct. at 2721,
*explaining* <u>Endo</u>, *supra*.

. . . ."  28 U.S.C. § 2241(d).  Rather than dismiss this action, it should be transferred to the Southern District of Florida where Petitioner is detained.

**RECOMMENDATION**

In light of the foregoing, it is respectfully **RECOMMENDED** that this case be **TRANSFERRED** to the Southern District of Florida, Miami Division for all further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on March 19, 2013.


 S/     Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**


<u>**NOTICE TO THE PARTIES**</u>

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**